# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | |
|---|---|
| YETI Coolers, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>Seth Stevens d/b/a SDS Marketing d/b/a Eskimo Coolers,<br><br>Panther Group LLC d/b/a Eskimo Coolers,<br><br>Panther Group Sales, LLC d/b/a Eskimo Coolers, and<br><br>Silver Fox Sales, LLC,<br><br>    Defendants. | Case No.  1:17-cv-00423<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>(1) **TRADE DRESS DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;**<br>(2) **TRADEMARK DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;**<br>(3) **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1);**<br>(4) **TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);**<br>(5) **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);**<br>(6) **TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);**<br>(7) **TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);**<br>(8) **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);**<br>(9) **CYBERPIRACY IN VIOLATION OF 15 U.S.C. § 1125(d);**<br>(10) **PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271;**<br>(11) **COMMON LAW TRADE DRESS INFRINGEMENT;**<br>(12) **COMMON LAW TRADEMARK INFRINGEMENT;**<br>(13) **COMMON LAW UNFAIR COMPETITION;**<br>(14) **COMMON LAW MISAPPROPRIATION; AND**<br>(15) **UNJUST ENRICHMENT.**<br><br>    **Jury Trial Demanded** |

## COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against Seth Stevens d/b/a SDS Marketing Group d/b/a Eskimo Coolers, Panther Group LLC d/b/a Eskimo Coolers, Panther Group Sales, LLC d/b/a Eskimo Coolers (collectively, "Eskimo"), and Silver Fox Sales, LLC ("Silver Fox") (collectively, "Defendants"), alleges as follows:

## The Parties

1.      YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 5301 Southwest Parkway, Suite 200, Austin, TX 78735.

2.      Upon information and belief, Seth Stevens is an individual residing at 10838 Wonderland Drive, Indianapolis, IN, 46239 who does business under the name Eskimo Coolers, including through the websites www.eskimocoolers.com and http://yetithermos.com, and through the Internet using Amazon, Facebook, and other websites, including, for example www.facebook.com/eskimocoolers/    and    https://seth394.clickfunnels.com/sales-page9613112. Upon information and belief, Seth Stevens also does business as SDS Marketing Group having addresses at, *inter alia*, 4695 N 125 W Shelbyville, IN 46176; 32E Locust Street, Shelbyville, IN 46176; and 1422 Sadlier Circle West Drive, Indianapolis, IN 46239.

3.      Upon information and belief, Panther Group LLC d/b/a Eskimo Coolers is an entity existing at a place of business at 1409 Sadlier Circle East Drive, Indianapolis, IN 46239, that does business under the name Eskimo Coolers, including through the websites www.eskimocoolers.com and http://yetithermos.com.

4.      Upon information and belief, Panther Group Sales, LLC d/b/a Eskimo Coolers is a company organized under the State of Indiana with places of business at 32 E Locust Street, Shelbyville, IN 46176 and 3837 Bay Lake Trail, Suite 115, North Las Vegas, NV 89030, that

does business under the name Eskimo Coolers, including through the websites www.eskimocoolers.com and http://yetithermos.com.

5.    Upon information and belief, Silver Fox Sales, LLC is a company organized under the laws of the State of Montana with a place of business at 977 US Highway 89 N. Livingston, MT 59047, that does business through retailers such as Amazon, including through its Silver Fox Sales Storefront.

## Jurisdiction and Venue

6.    This is an action for trade dress and trademark dilution, trade dress and trademark infringement, unfair competition and false designation of origin, patent infringement, misappropriation, and unjust enrichment.   This action arises under the Texas Business & Commerce Code, the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act"), the Patent Act, 35 U.S.C. § 1, et seq., federal common law, and state common law, including the law of Texas.

7.    This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

8.    This Court has personal jurisdiction over Defendants because, *inter alia*, they are doing business in the State of Texas, including in this District.  For example, and as discussed in more detail below, (i) Defendants have advertised, promoted, offered for sale, sold, and/or distributed, and continue to advertise, promote, offer for sale, sell, and/or distribute, infringing products to customers and/or potential customers, including in this District, at least through Eskimo's websites (e.g., www.eskimocoolers.com, http://yetithermos.com/, https://seth394.clickfunnels.com/sales-page9613112,  and  www.Facebook.com/eskimocoolers/) and through retailers such as Amazon, (ii) Defendants' tortious acts giving rise to this lawsuit and harm to YETI have occurred and are occurring in the State of Texas, including in this

District, (iii) on information and belief, Defendants acted with knowledge that their unauthorized use of YETI's rights would cause harm to YETI in the State of Texas and in this District, and (iv) Defendants' customers and/or potential customers reside in the State of Texas, including in this District.

9.      Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

## General Allegations – YETI's Intellectual Property

10.      For several years, YETI has continuously engaged in the development, manufacture, and sale of insulated products, including insulated drinkware.  YETI created unique, distinctive, and non-functional designs to use with YETI's insulated drinkware.  YETI has extensively and continuously promoted and used these designs for years in the United States and in Texas.  Through that extensive and continuous promotion and use, YETI's designs have become well-known indicators of the origin and quality of YETI's insulated drinkware products.  YETI's designs also have acquired substantial secondary meaning in the marketplace and have become famous.  As discussed in more detail below, YETI owns trade dress rights relating to its insulated drinkware designs.

11.      Several years ago, YETI introduced its 30 oz. Rambler™ Tumbler, 20 oz. Rambler™ Tumbler, 10 oz. Rambler™ Lowball, Rambler™ Colster® beverage holder, 64 oz. Rambler® Bottle, 36 oz. Rambler® Bottle, and 18 oz. Rambler® Bottle into the marketplace (collectively, "Rambler™ Drinkware").  YETI has sold millions of the Rambler™ Drinkware throughout the United States, including sales to customers in the State of Texas.  YETI has invested significant resources in the design, development, manufacture, advertising, and marketing of the Rambler™ Drinkware.  The designs and features of the Rambler™ Drinkware have received widespread and unsolicited public attention.  For example, the Rambler™ Drinkware have been featured in numerous newspaper, magazine, and Internet articles.

4

12.     The designs of the Rambler™ Drinkware have distinctive and non-functional features that identify to consumers that the origin of the Rambler™ Drinkware is YETI.  As a result of at least YETI's continuous and exclusive use of the Rambler™ Drinkware, YETI's marketing, advertising, and sales of the Rambler™ Drinkware, and the highly valuable goodwill and substantial secondary meaning acquired as a result, YETI owns trade dress rights in the designs and appearances of the Rambler™ Drinkware, which consumers have come to uniquely associate with YETI.

13.     An exemplary image of a YETI 30 oz. Rambler™ Tumbler is shown below:

| Illustration 1: Exemplary Image of a YETI 30 oz. Rambler™ Tumbler. |
|---|
|  |

14.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 30 oz. Rambler™ Tumbler, which includes the design and appearance of the curves, tapers, and lines in the YETI 30 oz. Rambler™ Tumbler; the design and appearance of the profile of the YETI 30 oz. Rambler™ Tumbler; the design and appearance of the walls of the YETI 30 oz. Rambler™ Tumbler; the design and appearance of the rim of the YETI 30 oz.

Rambler™ Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the style line around the base of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 30 oz. Rambler™ Tumbler; the color contrast and color combinations of the YETI 30 oz. Rambler™ Tumbler and the tumbler lid of the YETI 30 oz. Rambler™ Tumbler; and the relationship of these features to each other and to other features.

15.    An exemplary image of a YETI 20 oz. Rambler™ Tumbler is shown below:

| Illustration 2: Exemplary Image of a YETI 20 oz. Rambler^TM Tumbler. |
| --- |
|  |

16.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 20 oz. Rambler™ Tumbler, which includes the design and appearance of the curves, tapers, and lines in the YETI 20 oz. Rambler™ Tumbler; the design and appearance of the profile of the YETI 20 oz. Rambler™ Tumbler; the design and appearance of the walls of the YETI 20 oz. Rambler™ Tumbler; the design and appearance of the rim of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the taper in  the side wall of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the style line around the base of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 20 oz. Rambler™ Tumbler; the color contrast and color combinations of the YETI 20 oz. Rambler™ Tumbler and the tumbler lid of the YETI 20 oz. Rambler™ Tumbler; and the relationship of these features to each other and to other features.

17.     An exemplary image of a YETI 10 oz. Rambler™ Lowball is shown below:

| Illustration 3: Exemplary Image of a YETI 10 oz. Rambler™ Lowball. |
|---|
|  |

18.    YETI has trade dress rights in the overall look, design, and appearance of the YETI Rambler™ Lowball, which includes the design and appearance of the curves and lines in the YETI Rambler™ Lowball; the design and appearance of the profile of the YETI Rambler™ Lowball; the design and appearance of the walls of the YETI Rambler™ Lowball; the design and appearance of the rim of the YETI Rambler™ Lowball; the design, appearance, and placement of the style line around the base of the YETI Rambler™ Lowball; the design, appearance, and placement of the tab on the lid of the YETI Rambler™ Lowball; the design, appearance, and placement of the drinking opening on the lid of the YETI Rambler™ Lowball; the design, appearance, and placement of the top plane of the lid of the YETI Rambler™ Lowball; the design, appearance, and placement of the side walls of the lid of the YETI Rambler™ Lowball; the color contrast and color combinations of the YETI Rambler™ Lowball and the tumbler lid on the YETI Rambler™ Lowball; and the relationship of these features to each other and to other features.

19.    An exemplary image of a YETI Rambler™ Colster® beverage holder is shown below:

| Illustration 4:  Exemplary Image of a YETI Rambler™ Colster® Beverage Holder. |
|---|
|  |

20.     YETI has trade dress rights in the overall look, design, and appearance of the YETI Rambler™ Colster® Beverage Holder, which includes the design and appearance of the curves and lines in the YETI Rambler™ Colster® Beverage Holder; the design and appearance of the profile of the YETI Rambler™ Colster® Beverage Holder; the design and appearance of the walls of the YETI Rambler™ Colster® Beverage Holder; the design and appearance of the rim of the YETI Rambler™ Colster® Beverage Holder; the design, appearance, and placement of the top plane of the upper band of the YETI Rambler™ Colster® Beverage Holder; the design, appearance, and placement of the side walls of the upper band of the YETI Rambler™ Colster® Beverage Holder; the design, appearance, and placement of the style line around the base of the YETI Rambler™ Colster® Beverage Holder; the color contrast and color combinations of the YETI Rambler™ Colster® Beverage Holder and the upper band of the YETI Rambler™ Colster® Beverage Holder; and the relationship of these features to each other and to other features.

21.     An exemplary image of a YETI 64 oz. Rambler® Bottle is shown below:

| Illustration 5:  Exemplary Image of a YETI 64 oz. Rambler® Bottle. |
| --- |



22.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 64 oz. Rambler® Bottle, which includes the design and appearance of the curves, tapers, and lines in the YETI 64 oz. Rambler® Bottle; the design and appearance of the profile of the YETI 64 oz. Rambler® Bottle; the design and appearance of the walls of the YETI 64 oz. Rambler® Bottle; the design and appearance of the rim of the YETI 64 oz. Rambler® Bottle; the design, appearance, and placement of the taper in the side wall of the YETI 64 oz. Rambler® Bottle; the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 64 oz. Rambler® Bottle; the design, appearance, and placement of the style line around the base of the YETI 64 oz. Rambler® Bottle; the design, appearance, and placement of the taper in the cap of the YETI 64 oz. Rambler® Bottle; the design, appearance, and placement of the handle on the cap of the YETI 64 oz. Rambler® Bottle; the design, appearance, and placement of the top plane of the cap of the YETI 64 oz. Rambler®

Bottle; the design, appearance, and placement of the side walls of the cap of the YETI 64 oz. Rambler® Bottle; the color contrast and color combinations of the YETI 64 oz. Rambler® Bottle and the cap of the YETI 64 oz. Rambler® Bottle; and the relationship of these features to each other and to other features.

23.    An exemplary image of a YETI 36 oz. Rambler® Bottle is shown below:

| Illustration 6:  Exemplary Image of a YETI 36 oz. Rambler® Bottle. |
|:---:|
|  |

24.    YETI has trade dress rights in the overall look, design, and appearance of the YETI 36 oz. Rambler® Bottle, which includes the design and appearance of the curves, tapers, and lines in the YETI 36 oz. Rambler® Bottle; the design and appearance of the profile of the YETI 36 oz. Rambler® Bottle; the design and appearance of the walls of the YETI 36 oz.

11

Rambler® Bottle; the design and appearance of the rim of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the taper in the side wall of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the style line around the base of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the taper in the cap of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the handle on the cap of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the top plane of the cap of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the side walls of the cap of the YETI 36 oz. Rambler® Bottle; the color contrast and color combinations of the YETI 36 oz. Rambler® Bottle and the cap of the YETI 36 oz. Rambler® Bottle; and the relationship of these features to each other and to other features.

25.    An exemplary image of a YETI 18 oz. Rambler® Bottle is shown below:

| Illustration 7:  Exemplary Image of a YETI 18 oz. Rambler® Bottle. |
| --- |



26.    YETI has trade dress rights in the overall look, design, and appearance of the YETI 18 oz. Rambler® Bottle, which includes the design and appearance of the curves, tapers, and lines in the YETI 18 oz. Rambler® Bottle; the design and appearance of the profile of the YETI 18 oz. Rambler® Bottle; the design and appearance of the walls of the YETI 18 oz. Rambler® Bottle; the design and appearance of the rim of the YETI 18 oz. Rambler® Bottle; the design, appearance, and placement of the style line around the base of the YETI 18 oz. Rambler® Bottle; the design, appearance, and placement of the taper in the cap of the YETI 18 oz. Rambler® Bottle; the design, appearance, and placement of the handle on the cap of the YETI 18 oz. Rambler® Bottle; the design, appearance, and placement of the top plane of the cap of the YETI 18 oz. Rambler® Bottle; the design, appearance, and placement of the side walls of

13

the cap of the YETI 18 oz. Rambler® Bottle; the color contrast and color combinations of the YETI 18 oz. Rambler® Bottle and the cap of the YETI 18 oz. Rambler® Bottle; and the relationship of these features to each other and to other features.

27.     As a result of YETI's exclusive, continuous, and substantial use, advertising, and sales of insulated drinkware products bearing YETI's trade dress, and the publicity and attention that has been paid to YETI's trade dress, YETI's trade dress has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate YETI's trade dress as a source identifier of YETI.

28.     YETI has also used the trademark "YETI" throughout the United States in connection with its insulated drinkware products, cooler products, and other products, and the trademarks "RAMBLER," "YETI COLSTER," and "YETI RAMBLER COLSTER" throughout the United States in connection with at least its insulated drinkware products.  YETI has used these trademarks throughout the United States and the State of Texas, including with advertising and promoting YETI's Rambler™ Tumblers, YETI's Rambler™ Lowballs, YETI's Rambler™ Colster® beverage holders, and YETI's Rambler® Bottles.

29.     In view of YETI's extensive and continuous use of "YETI," "RAMBLER," "YETI COLSTER," and "YETI RAMBLER COLSTER" consumers have come to associate "YETI," "RAMBLER," "YETI COLSTER," and "YETI RAMBLER COLSTER" as source identifiers of YETI, and YETI owns trademark rights in these marks. Further, YETI owns several trademark registrations, including Trademark Registration No. 3,203,869 ("the '869 Registration") for "YETI" for portable coolers, Trademark Registration No. 4,948,370 ("the '370 Registration") for "YETI" for clothing, Trademark Registration No. 4,948,371 ("the '371 Registration") for "YETI" for clothing, Trademark Registration No. 4,833,419 ("the '419

14

Registration") for "YETI COLSTER" for stainless steel drink holders, Trademark Registration No. 4,871,725 ("the '725 Registration") for "YETI RAMBLER COLSTER" for stainless steel drink holders, and Trademark Registration No. 4,998,897 ("the '897 Registration") for "RAMBLER" for jugs. A copy of these trademark registrations is attached as Exhibits 1-6.

30.     As a result of, *inter alia*, YETI's exclusive, continuous, and substantial use of "YETI," "RAMBLER," "YETI COLSTER," and "YETI RAMBLER COLSTER," YETI's exclusive, continuous, and substantial advertising and promoting of products bearing "YETI," "RAMBLER," "YETI COLSTER,"  and/or "YETI RAMBLER COLSTER," and the publicity and attention that has been paid to YETI's "YETI," "RAMBLER," "YETI COLSTER," and "YETI RAMBLER COLSTER" marks, these marks have become famous and acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate YETI's "YETI," "RAMBLER," "YETI COLSTER," and "YETI RAMBLER COLSTER" trademarks as source identifiers of YETI.

31.     YETI also owns U.S. Design Patent No. D752,397 ("the '397 patent"), U.S. Design Patent No. D779,285 ("the '285 patent"), U.S. Design Patent No. D779,891 ("the '891 patent"), U.S. Design Patent No. D779,892 ("the '892 patent"), U.S. Design Patent No. D780,530 ("the '530 patent"), U.S. Design Patent No. D780,531 ("the '531 patent"), U.S. Design Patent No. D780,532 ("the '532 patent"), and U.S. Design Patent No. D780,533 ("the '533 patent") (collectively, "YETI's beverage holder patents"), all related to a beverage holder.

32.     The '397 patent is entitled "Beverage Holder."  On March 29, 2016, the '397 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '397 patent.  A copy of the '397 patent is attached as Exhibit 7. An exemplary figure from the '397 patent is shown in Illustration 8 below.

15

| Illustration 8:  Exemplary Figure from the '397 Patent. |
| :---: |



33.     The '285 patent is entitled "Beverage Holder." On February 21, 2017, the '285 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '285 patent.  A copy of the '285 patent is attached as Exhibit 8. An exemplary figure from the '285 patent is shown in Illustration 9 below.

| Illustration 9:  Exemplary Figure from the '285 Patent. |
| :---: |



34.     The '891 patent is entitled "Beverage Holder." On February 28, 2017, the '891 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '891 patent.  A copy of the '891 patent is attached as Exhibit 9. An exemplary figure from the '891 patent is shown in Illustration 10 below.

| Illustration 10:  Exemplary Figure from the '891 Patent. |
| :---: |
|  |

35.     The '892 patent is entitled "Beverage Holder." On February 28, 2017, the '892 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '892 patent.  A copy of the '892 patent is attached as Exhibit 10. An exemplary figure from the '892 patent is shown in Illustration 11 below.

| Illustration 11:  Exemplary Figure from the '892 Patent. |
|---|
|  |

36.     The '530 patent is entitled "Beverage Holder." On March 7, 2017, the '530 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '530 patent.   A copy of the '530 patent is attached as Exhibit 11. An exemplary figure from the '530 patent is shown in Illustration 12 below.

| Illustration 12:  Exemplary Figure from the '530 Patent. |
|---|
|  |

37.     The '531 patent is entitled "Beverage Holder." On March 7, 2017, the '531 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '531 patent.   A copy of the '531 patent is attached as Exhibit 12. An exemplary figure from the '531 patent is shown in Illustration 13 below.

| Illustration 13:  Exemplary Figure from the '531 Patent. |
| :---: |
|  |

38.     The '532 patent is entitled "Beverage Holder." On March 7, 2017, the '532 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '532 patent.   A copy of the '532 patent is attached as Exhibit 13. An exemplary figure from the '532 patent is shown in Illustration 14 below.

| Illustration 14:  Exemplary Figure from the '532 Patent. |
|---|
|  |

39.     The '533 patent is entitled "Beverage Holder." On March 7, 2017, the '533 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '533 patent.   A copy of the '533 patent is attached as Exhibit 14. An exemplary figure from the '533 patent is shown in Illustration 15 below.

| Illustration 15:  Exemplary Figure from the '533 Patent. |
|---|
|  |

40.    YETI further owns U.S. Design Patent No. D774,837 ("the '837 patent"), U.S. Design Patent No. D783,367 ("the '367 patent"), U.S. Design Patent No. D783,368 ("the '368 patent"), U.S. Design Patent No. D774,363 ("the '363 patent"), U.S. Design Patent No. D781,662 ("the '662 patent"), U.S. Design Patent No. D782,881 ("the '881 patent"), U.S. Design Patent No. D760,586 ("the '586 patent"), U.S. Design Patent No. D780,577 ("the '577 patent"), U.S. Design Patent No. D781,145 ("the '145 patent"), and U.S. Design Patent No. D781,146 ("the '146 patent") (collectively, "YETI's bottle patents"), all related to a bottle and/or lid. YETI's beverage holder patents and YETI's bottle patents are collectively referred to as "YETI's design patents."

41.    The '837 patent is entitled "Bottle."  On December 27, 2016, the '837 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '837 patent.  A copy of the '837 patent is attached as Exhibit 15. An exemplary figure from the '837 patent is shown in Illustration 16 below.

| Illustration 16: Exemplary Figure from the '837 Patent. |
|---|



FIG. 1

42.     The '367 patent is entitled "Bottle."  On April 11, 2017, the '367 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '367 patent.  A copy of the '367 patent is attached as Exhibit 16. An exemplary figure from the '367 patent is shown in **Error! Reference source not found.** below.

| Illustration 17:  Exemplary Figure from the '367 Patent. |
|---|



FIG. 1

43.     The '368 patent is entitled "Bottle."  On April 11, 2017, the '368 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '368 patent.  A copy of the '368 patent is attached as Exhibit 17. An exemplary figure from the '368 patent is shown in **Error! Reference source not found.** below.

| Illustration 18:  Exemplary Figure from the '368 Patent. |
| --- |



44.     The '363 patent is entitled "Bottle."  On December 20, 2016, the '363 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '363 patent.  A copy of the '363 patent is attached as Exhibit 18. An exemplary figure from the '363 patent is shown in Illustration 19 below.

24

| Illustration 19:  Exemplary Figure from the '363 Patent. |
|---|



FIG. 1

45.     The '662 patent is entitled "Bottle." On March 21, 2017, the '662 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '662 patent.  A copy of the '662 patent is attached as Exhibit 19. An exemplary figure from the '662 patent is shown in Illustration 20 below.

**Illustration 20:  Exemplary Figure from the '662 Patent.**



FIG. 1

46.     The '881 patent is entitled "Bottle." On April 4, 2017, the '881 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '881 patent.  A copy of the '881 patent is attached as Exhibit 20. An exemplary figure from the '881 patent is shown in Illustration 21 below.

26

| Illustration 21: Exemplary Figure from the '881 Patent. |
|---|



FIG. 1

47. The '586 patent is entitled "Lid." On July 5, 2016, the '586 patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '586 patent. A copy of the '586 patent is attached as Exhibit 21. An exemplary figure from the '586 patent is shown in Illustration 22 below.

| Illustration 22: Exemplary Figure from the '586 Patent. |
|---|



FIG. 1

48. The '577 patent is entitled "Lid." On March 7, 2017, the '577 patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest

to the '577 patent.  A copy of the '577 patent is attached as Exhibit 22. An exemplary figure from the '577 patent is shown in Illustration 23 below.

| Illustration 23:  Exemplary Figure from the '577 Patent. |
|---|



FIG. 1

49.     The '145 patent is entitled "Lid." On March 14, 2017, the '145 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '145 patent.  A copy of the '145 patent is attached as Exhibit 23. An exemplary figure from the '145 patent is shown in Illustration 24 below.

| Illustration 24:  Exemplary Figure from the '145 Patent. |
|---|



FIG. 1

50.     The '146 patent is entitled "Lid." On March 14, 2017, the '146 patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and

interest to the '146 patent. A copy of the '146 patent is attached as Exhibit 24. An exemplary figure from the '146 patent is shown in Illustration 25 below.

| Illustration 25:  Exemplary Figure from the '146 Patent. |
|:---:|
|  |

**General Allegations – Defendants' Unlawful Activities**

51.    Defendants have purposefully advertised, promoted, offered for sale, sold, and/or distributed, and continue to advertise, promote, offer for sale, sell, and/or distribute products that violate YETI's rights, including the rights protected by YETI's intellectual property.  Upon information and belief, Defendants also are making such infringing products and/or importing such infringing drinkware into the United States.  Defendants' infringing products are confusingly similar imitations of YETI's products and are in the same size as YETI's products. Defendants' actions have all been without the authorization of YETI.

52.    Defendants' infringing products include at least their 30 oz. tumblers, 20 oz. tumblers, 10 oz. tumblers, beverage holders, 64 oz. bottles, 36 oz. bottles, and 18 oz. bottles. A printout with excerpts from Eskimo's website, www.eskimocoolers.com, showing exemplary infringing products is attached as Exhibit 25. A printout with excerpts from a second one of Eskimo's websites, www.yetithermos.com, showing exemplary infringing products is attached as Exhibit 26.

53.    Exemplary images of Defendants' infringing products are also shown below:

| Illustration 26:  Exemplary Image of Defendants' Infringing 30 oz. Tumbler Products. |
| --- |



| Illustration 27: Exemplary Image of Defendants' Infringing 20 oz. Tumbler Products. |
| --- |



| **Illustration 28: Exemplary Image of Defendants' Infringing 10 oz. Tumbler Products.** |
|---|
|  |

| **Illustration 29: Exemplary Image of Defendants' Infringing Beverage Holder Products.** |
|---|
|  |

**Illustration 30:  Exemplary Images of Defendants' Infringing 64 oz. Bottle Products.**



**Illustration 31:  Exemplary Image of Defendants' Infringing 36 oz. Bottle Products.**



| Illustration 32:  Exemplary Images of Defendants' Infringing 18 oz. Bottle Products. |
|---|



54.     As a result of Defendants' activities related to the infringing products, there is a likelihood of confusion between Defendants and their products on the one hand, and YETI and its products on the other hand.

55.     YETI used its trade dress extensively and continuously before Defendants began advertising, promoting, selling, offering to sell, or distributing their infringing products. Moreover, YETI's trade dress became famous and acquired secondary meaning in the United States and in the State of Texas generally and in geographic areas in Texas before Defendants commenced unlawful use of YETI's trade dress.

56.     In addition to infringing and diluting YETI's trade dress, Defendants have also unlawfully used and continue to unlawfully use YETI's "YETI" trademarks and/or colorable imitations thereof, and Eskimo has unlawfully used and continues to unlawfully use YETI's "RAMBLER," "YETI COLSTER," and "YETI RAMBLER COLSTER" trademarks and/or colorable imitations thereof, in *inter alia*, advertising, promoting, offering to sell, selling, and

distributing Defendants' infringing products, and are thereby infringing and diluting YETI's respective trademarks and intentionally trading on YETI's goodwill. Screenshots showing examples of Defendants' infringing uses of YETI's "YETI," "RAMBLER," "YETI COLSTER," and "YETI RAMBLER COLSTER" trademarks are shown below, and exemplary printouts of Eskimo's infringing uses are included in Exhibit 25.   Eskimo's infringing uses of YETI's trademarks also include at least Eskimo's domain name www.yetithermos.com. A printout of an exemplary portion of www.yetithermos.com is attached as Exhibit 26.



**Illustration 33:  Examples of Infringement of YETI's Trademarks from eskimocoolers.com**





**Illustration 34:  Example of Infringement of YETI's "YETI" Trademarks.**

57.     As a result of Defendants' activities related to their use of YETI's "YETI" trademarks and/or colorable imitations thereof, and Eskimo's activities related to its use of YETI's "RAMBLER," "YETI COLSTER," and "YETI RAMBLER COLSTER" trademarks

and/or colorable imitations thereof, there is a likelihood of confusion between Defendants and their products on the one hand, and YETI and its products on the other hand.

58.     YETI used its "YETI," "RAMBLER," "YETI COLSTER," and "YETI RAMBLER COLSTER" trademarks extensively and continuously before Defendants began advertising, promoting, selling, offering to sell, or distributing their infringing products. Moreover, YETI's "YETI," "RAMBLER," "YETI COLSTER," and "YETI RAMBLER COLSTER" trademarks became famous and acquired secondary meaning in the United States and in the State of Texas generally and in geographic areas in Texas before Defendants commenced unlawful use of YETI's trademarks.

59.     Defendants' use of YETI's trade dress, YETI's "YETI" trademarks, and/or colorable imitations thereof, and Eskimo's use of YETI's "RAMBLER," "YETI COLSTER," and "YETI RAMBLER COLSTER" trademarks and/or colorable imitations thereof, has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by Defendants' direct copying of YETI's products and unlawful use of YETI's trademarks.

60.     As discussed above and as set forth in the counts below, Defendants' actions are unfair and unlawful.

**Count I:**
**Trade Dress Dilution Under Tex. Bus. & Com. Code § 16.103**

61.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 60 as though fully set forth herein.

62.     Based on the activities described above, including, for example, Defendants' advertising, promoting, offering for sale, selling, and distributing the infringing products, Defendants are likely to dilute, have diluted, and continue to dilute YETI's trade dress in violation of § 16.103 of the Texas Business & Commerce Code.  Defendants' use of YETI's

trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

63.    YETI's trade dress is famous and is entitled to protection under Texas law. YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used its trade dress in the United States and in the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's trade dress is widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress in connection with the infringing products.

64.    Defendants' use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

65.     On information and belief, Defendants' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Defendants' continuing disregard for YETI's rights.

66.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count II:**
**Trademark Dilution Under Tex. Bus. & Com. Code § 16.103**

67.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 66 as though fully set forth herein.

68.     Based on the activities described above, including, for example, Defendants' use of YETI's trademarks, including Defendants' use of "YETI" and/or colorable imitations thereof and Eskimo's use of "RAMBLER," "YETI COLSTER," and "YETI RAMBLER COLSTER" and/or colorable imitations thereof, Defendants are likely to dilute, have diluted, and continue to dilute YETI's trademarks in violation § 16.103 of the Texas Business & Commerce Code. Defendants' use of YETI's trademarks and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trademarks at least by eroding the public's exclusive identification of YETI's trademarks with YETI, by lessening the capacity of YETI's famous trademarks to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctness of YETI's famous trademarks.

69.     YETI's trademarks are famous and are entitled to protection under Texas law. YETI has extensively and continuously promoted and used its trademarks in the United States and in the State of Texas.  Through that extensive and continuous use, YETI's trademarks have

become famous and well-known indicators of the origin and quality of YETI's products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's trademarks are widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's products.  YETI's trademarks have also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas.  Moreover, YETI's trademarks became famous and acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trademarks in connection with the infringing products.

70.     Defendants' use of YETI's trademarks and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, YETI's products, and YETI.

71.     On information and belief, Defendants' use of YETI's trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's trademarks to sell the infringing products, and by Defendants' continuing disregard for YETI's rights.

72.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count III:**
**Trademark Infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

73.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 72 as though fully set forth herein.

74. Based on the activities described above, including, for example, Defendants using YETI's federally registered trademarks, including Defendants using at least the trademarks protected by the '869 Registration, the '370 Registration, the '371 Registration, and/or colorable imitations thereof, and Eskimo using at least the trademarks protected by the '419 Registration, the '725 Registration, and the '897 Registration, and/or colorable imitations thereof, in connection with advertising, promoting, offering for sale, selling, and distributing the infringing products, Defendants have infringed YETI's "YETI" trademarks, and Eskimo has also infringed YETI's "RAMBLER," "YETI COLSTER," and "YETI RAMBLER COLSTER" trademarks under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). Defendants' use of YETI's "YETI" trademarks and/or colorable imitations thereof, and Eskimo's use of YETI's "RAMBLER," "YETI COLSTER," and "YETI RAMBLER COLSTER" trademarks and/or colorable imitations thereof is likely to cause confusion, or to cause mistake, or to deceive.

75. Defendants' use of YETI's "YETI" trademarks and/or colorable imitations thereof, and Eskimo's use of YETI's "RAMBLER," "YETI COLSTER," and "YETI RAMBLER COLSTER" trademarks, and/or colorable imitations thereof, has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, YETI's products, and YETI.

76. On information and belief, Defendants' use of YETI's "YETI" trademarks and/or colorable imitations thereof, and Eskimo's use of YETI's "RAMBLER," "YETI COLSTER," and "YETI RAMBLER COLSTER" trademarks and/or colorable imitations thereof, has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by Defendants'

unlawful use of YETI's respective trademarks in an effort to sell the infringing products, and by Defendants' continuing disregard for YETI's rights.

77.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1114(1), 1116, and 1117.

## Count IV:
## Trade Dress Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

78.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 77 as though fully set forth herein.

79.     Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by infringing YETI's trade dress.  Defendants' use of YETI's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Defendants with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

80.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress in connection with the infringing products.

81.     Defendants' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

82.     On information and belief, Defendants' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Defendants' continuing disregard for YETI's rights.

83.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count V:**
**Trademark Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

84.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 83 as though fully set forth herein.

85.     Based on the activities described above, including, for example, Defendants' use of YETI's trademarks, including Defendants' use of "YETI" and/or colorable imitations thereof and Eskimo's use of "RAMBLER," "YETI COLSTER," and "YETI RAMBLER COLSTER" and/or colorable imitations thereof, Defendants violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Defendants' use of YETI's trademarks and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Defendants with YETI and as to the origin, sponsorship, and/or approval of the infringing

products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

86.     YETI's trademarks are entitled to protection under the Lanham Act.  YETI has extensively and continuously promoted and used its trademarks in the United States.  Through that extensive and continuous use, YETI's trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trademarks acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trademarks in connection with the infringing products.

87.     Defendants' use of YETI's trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, YETI's products, and YETI.

88.     On information and belief, Defendants' use of YETI's trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's trademarks to sell the infringing products and by Defendants' continuing disregard for YETI's rights.

89.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count VI:**
**Trade Dress Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

90.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 89 as though fully set forth herein.

91.     Based on the activities described above, including, for example, Defendants' advertising, promoting, offering for sale, selling, and distributing the infringing products, Defendants are likely to dilute, have diluted, and continue to dilute YETI's famous trade dress in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  Defendants' use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI and YETI's products, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

92.     YETI's trade dress is famous and is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI's trade dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI and YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress in connection with the infringing products.

45

93.     Defendants' use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

94.     On information and belief, Defendants' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Defendants' continuing disregard for YETI's rights.

95.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count VII:**
**Trademark Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

96.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 95 as though fully set forth herein.

97.     Based on the activities described above, including, for example, Defendants' use of YETI's trademarks, including Defendants' use of "YETI" and/or colorable imitations thereof and Eskimo's use of "RAMBLER," "YETI COLSTER," and "YETI RAMBLER COLSTER" and/or colorable imitations thereof, Defendants are likely to dilute, have diluted, and continue to dilute YETI's famous trademarks in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  Defendants' use of YETI's trademarks and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trademarks at least by eroding the public's exclusive identification of YETI's famous trademarks with YETI and YETI's products, by

lessening the capacity of YETI's famous trademarks to identify and distinguish YETI's products, by associating YETI's trademarks with products of inferior quality, and by impairing the distinctiveness of YETI's famous trademarks.

98.     YETI's trademarks are famous and are entitled to protection under the Lanham Act.  YETI's trademarks have acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trademarks in the United States.  Through that extensive and continuous use, YETI's trademarks have become famous well-known indicators of the origin and quality of YETI's products throughout the United States, and are widely recognized by the general consuming public as a designation of the source of YETI and YETI's products.  YETI's trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trademarks became famous and acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trademarks in connection with the infringing products.

99.     Defendants' use of YETI's trademarks has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, YETI's products, and YETI.

100.    On information and belief, Defendants' use of YETI's trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's trademarks to sell the infringing products and by Defendants' continuing disregard for YETI's rights.

101.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count VIII:**
**Unfair Competition and False Designation of Origin under § 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a)**

102.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 101 as though fully set forth herein.

103.    Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and constitute unfair competition and false designation of origin, at least because Defendants have obtained an unfair advantage as compared to YETI through Defendants' use of YETI's trade dress and trademarks, and because such uses are likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

104.    YETI's trade dress and trademarks are entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress and trademarks in the United States.  Through that extensive and continuous use, YETI's trade dress and trademarks have become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress and trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and trademarks acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress and/or trademarks in connection with the infringing products.

105.    Defendants' use of YETI's trade dress, YETI's trademarks, and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and

irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's trademarks, YETI's products, and YETI.

106.    On information and belief, Defendants' use of YETI's trade dress, YETI's trademarks and/or colorable imitations thereof has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, by Defendants' unlawful use of YETI's trademarks to sell the infringing products, and by Defendants' continuing disregard for YETI's rights.

107.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count IX:**
**Cyberpiracy in Violation of 15. U.S.C. § 1125(d)**

108.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 107 as though fully set forth herein.

109.    Eskimo registered, trafficked in, used, and continues to use a domain name—yetithermos.com—that includes YETI's "YETI" trademark and that is confusingly similar to YETI's "YETI" trademark and that is dilutive of YETI's "YETI" trademark. Eskimo's acquisition of, and subsequent use of, yetithermos.com violates § 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), and constitutes Cyberpiracy.

110.    YETI's "YETI" trademark is entitled to protection under the Lanham Act. YETI has extensively and continuously promoted and used its "YETI" trademark in the United States. Through that extensive and continuous use, YETI's "YETI" trademark has become a well-known indicator of the origin and quality of YETI's products. YETI's "YETI" trademark has

also acquired substantial secondary meaning in the marketplace. Moreover, YETI's "YETI" trademark acquired this secondary meaning before Eskimo commenced its unlawful use of YETI's "YETI" trademark in connection with the yetithermos.com domain and the infringing products.

111. On information and belief, Eskimo had and continues to have a bad faith intent to profit from YETI's "YETI" trademark.

112. Eskimo's use of yetithermos.com has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's "YETI" trademark, YETI's products, and YETI.

113. YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1125(d), 1116, and 1117. YETI is further entitled to have yetithermos.com cancelled and/or transferred to YETI.

**Count X:**
**Patent Infringement of U.S. Patent D752,397 Under 35 U.S.C. § 271**

114. YETI realleges and incorporates the allegations set forth in paragraphs 1 through 113 as though fully set forth herein.

115. Defendants have infringed and continue to infringe the '397 patent at least by using, selling, and offering to sell Defendants' infringing beverage holder and on information and belief by making and/or importing into the United States Defendants' infringing beverage holder, which is covered by the claim of the '397 patent.

116. Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

117.    On information and belief, Defendants' infringement of the '397 patent has been, and continues to be, deliberate, intentional, and willful.

118.    On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

119.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

120.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XI:**
**Patent Infringement of U.S. Patent D779,285 Under 35 U.S.C. § 271**

121.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 120 as though fully set forth herein.

122.    Defendants have infringed and continue to infringe the '285 patent at least by using, selling, and offering to sell Defendants' infringing beverage holder and on information and belief by making and/or importing into the United States Defendants' infringing beverage holder, which is covered by the claim of the '285 patent.

123.    Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

124.    On information and belief, Defendants' infringement of the '285 patent has been, and continues to be, deliberate, intentional, and willful.

125.    On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

126.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

127.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XII:**
**Patent Infringement of U.S. Patent D779,891 Under 35 U.S.C. § 271**

128.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 127 as though fully set forth herein.

129.    Defendants have infringed and continue to infringe the '891 patent at least by using, selling, and offering to Defendants' infringing beverage holder and on information and belief by making and/or importing into the United States Defendants' infringing beverage holder, which is covered by the claim of the '891 patent.

130.    Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

131.    On information and belief, Defendants' infringement of the '891 patent has been, and continues to be, deliberate, intentional, and willful.

132.    On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

133.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

134.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count XIII:
## Patent Infringement of U.S. Patent D779,892 Under 35 U.S.C. § 271

135.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 134 as though fully set forth herein.

136.    Defendants have infringed and continue to infringe the '892 patent at least by using, selling, and offering to sell Defendants' infringing beverage holder and on information and belief by making and/or importing into the United States Defendants' infringing beverage holder, which is covered by the claim of the '892 patent.

137.    Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

138.    On information and belief, Defendants' infringement of the '892 patent has been, and continues to be, deliberate, intentional, and willful.

139.    On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

140.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

141.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count XIV:
### Patent Infringement of U.S. Patent D780,530 Under 35 U.S.C. § 271

142.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 141 as though fully set forth herein.

143.    Defendants have infringed and continue to infringe the '530 patent at least by using, selling, and offering to sell Defendants' infringing beverage holder and on information and belief by making and/or importing into the United States Defendants' infringing beverage holder, which is covered by the claim of the '530 patent.

144.    Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

145.    On information and belief, Defendants' infringement of the '530 patent has been, and continues to be, deliberate, intentional, and willful.

146.    On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

147.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

148.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count XV:
### Patent Infringement of U.S. Patent D780,531 Under 35 U.S.C. § 271

149.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 148 as though fully set forth herein.

150.    Defendants have infringed and continue to infringe the '531 patent at least by using, selling, and offering to sell Defendants' infringing beverage holder and on information and belief by making and/or importing into the United States Defendants' infringing beverage holder, which is covered by the claim of the '531 patent.

151.    Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

152.    On information and belief, Defendants' infringement of the '531 patent has been, and continues to be, deliberate, intentional, and willful.

153.    On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

154.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

155.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XVI:**
**Patent Infringement of U.S. Patent D780,532 Under 35 U.S.C. § 271**

156.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 155 as though fully set forth herein.

157.    Defendants have infringed and continue to infringe the '532 patent at least by using, selling, and offering to sell Defendants' infringing beverage holder, and on information and belief by making and/or importing into the United States Defendants' infringing beverage holder, which is covered by the claim of the '532 patent.

158.    Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

159.    On information and belief, Defendants' infringement of the '532 patent has been, and continues to be, deliberate, intentional, and willful.

160.    On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

161.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

162.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XVII:**
**Patent Infringement of U.S. Patent D780,533 Under 35 U.S.C. § 271**

163.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 162 as though fully set forth herein.

164.    Defendants have infringed and continue to infringe the '533 patent at least by using, selling, and offering to sell Defendants' infringing beverage holder, and on information and belief by making and/or importing into the United States Defendants' infringing beverage holder, which is covered by the claim of the '533 patent.

165.    Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

166.    On information and belief, Defendants' infringement of the '533 patent has been, and continues to be, deliberate, intentional, and willful.

56

167.    On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

168.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

169.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XVIII:**
**Patent Infringement of U.S. Patent D774,837 Under 35 U.S.C. § 271**

170.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 169 as though fully set forth herein.

171.    Defendants have infringed and continue to infringe the '837 patent at least by using, selling, and offering to sell Defendants' infringing 18 oz. bottle, and on information and belief by making and/or importing into the United States Defendants' infringing 18 oz. bottle, which is covered by the claim of the '837 patent.

172.    Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

173.    On information and belief, Defendants' infringement of the '837 patent has been, and continues to be, deliberate, intentional, and willful.

174.    On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

175.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

176.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XIX:**
**Patent Infringement of U.S. Patent D783,367 Under 35 U.S.C. § 271**

177.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 176 as though fully set forth herein.

178.    Defendants have infringed and continue to infringe the '367 patent at least by using, selling, and offering to sell Defendants' infringing 36 oz. bottle, and on information and belief by making and/or importing into the United States Defendants' infringing 36 oz. bottle, which is covered by the claim of the '367 patent.

179.    Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

180.    On information and belief, Defendants' infringement of the '367 patent has been, and continues to be, deliberate, intentional, and willful.

181.    On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

182.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

183.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XX:**
**Patent Infringement of U.S. Patent D783,368 Under 35 U.S.C. § 271**

184.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 183 as though fully set forth herein.

185.    Defendants have infringed and continue to infringe the '368 patent at least by using, selling, and offering to sell Defendants' infringing 36 oz. bottle, and on information and belief by making and/or importing into the United States Defendants' infringing 36 oz. bottle, which is covered by the claim of the '368 patent.

186.    Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

187.    On information and belief, Defendants' infringement of the '368 patent has been, and continues to be, deliberate, intentional, and willful.

188.    On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

189.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

190.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XXI:**
**Patent Infringement of U.S. Patent D774,363 Under 35 U.S.C. § 271**

191.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 190 as though fully set forth herein.

192.    Defendants have infringed and continue to infringe the '363 patent at least by using, selling, and offering to sell Defendants' infringing 64 oz. bottle, and on information and belief by making and/or importing into the United States Defendants' infringing 64 oz. bottle, which is covered by the claim of the '363 patent.

193.    Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

194.    On information and belief, Defendants' infringement of the '363 patent has been, and continues to be, deliberate, intentional, and willful.

195.    On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

196.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

197.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XXII:**
**Patent Infringement of U.S. Patent D781,662 Under 35 U.S.C. § 271**

198.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 197 as though fully set forth herein.

199.     Defendants have infringed and continue to infringe the '662 patent at least by using, selling, and offering to sell Defendants' infringing 64 oz. bottle, and on information and belief by making and/or importing into the United States Defendants' infringing 64 oz. bottle, which is covered by the claim of the '662 patent.

200.     Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

201.     On information and belief, Defendants' infringement of the '662 patent has been, and continues to be, deliberate, intentional, and willful.

202.     On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

203.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

204.     Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count XXIII:
## Patent Infringement of U.S. Patent D782,881 Under 35 U.S.C. § 271

205.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 204 as though fully set forth herein.

206.     Defendants have infringed and continue to infringe the '881 patent at least by using, selling, and offering to sell Defendants' infringing 64 oz. bottle, and on information and belief by making and/or importing into the United States Defendants' infringing 64 oz. bottle, which is covered by the claim of the '881 patent.

207.    Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

208.    On information and belief, Defendants' infringement of the '881 patent has been, and continues to be, deliberate, intentional, and willful.

209.    On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

210.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

211.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

### Count XXIV:
### Patent Infringement of U.S. Patent D760,586 Under 35 U.S.C. § 271

212.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 211 as though fully set forth herein.

213.    Defendants have infringed and continue to infringe the '586 patent at least by using, selling, and offering to sell Defendants' infringing lids with their bottles, and on information and belief by making and/or importing into the United States Defendants' infringing lids with their bottles, which are covered by the claim of the '586 patent.

214.    Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

215.    On information and belief, Defendants' infringement of the '586 patent has been, and continues to be, deliberate, intentional, and willful.

216.    On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

217.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

218.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XXV:**
**Patent Infringement of U.S. Patent D780,577 Under 35 U.S.C. § 271**

219.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 218 as though fully set forth herein.

220.    Defendants have infringed and continue to infringe the '577 patent at least by using, selling, and offering to sell infringing Defendants' infringing lids with their bottles, and on information and belief by making and/or importing into the United States Defendants' infringing lids with their bottles, which are covered by the claim of the '577 patent.

221.    Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

222.    On information and belief, Defendants' infringement of the '577 patent has been, and continues to be, deliberate, intentional, and willful.

223.    On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

224.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

225.     Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XXVI:**
**Patent Infringement of U.S. Patent D781,145 Under 35 U.S.C. § 271**

226.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 225 as though fully set forth herein.

227.     Defendants have infringed and continue to infringe the '145 patent at least by using, selling, and offering to sell Defendants' infringing lids with their bottles, and on information and belief by making and/or importing into the United States Defendants' infringing lids with their bottles, which are covered by the claim of the '145 patent.

228.     Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

229.     On information and belief, Defendants' infringement of the '145 patent has been, and continues to be, deliberate, intentional, and willful.

230.     On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

231.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

232.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XXVII:**
**Patent Infringement of U.S. Patent D781,146 Under 35 U.S.C. § 271**

233.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 232 as though fully set forth herein.

234.    Defendants have infringed and continue to infringe the '146 patent at least by using, selling, and offering to sell Defendants' infringing lids with their bottles, and on information and belief by making and/or importing into the United States Defendants' infringing 64 oz. and 18 oz. bottles, and on information and belief by making and/or importing into the United States Defendants' infringing lids with their bottles, which are covered by the claim of the '146 patent.

235.    Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

236.    On information and belief, Defendants' infringement of the '146 patent has been, and continues to be, deliberate, intentional, and willful.

237.    On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

238.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

239.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XXVIII:**
**Common Law Trade Dress Infringement**

240.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 239 as though fully set forth herein.

241.    Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law trade dress infringement, at least because Defendants' use of YETI's trade dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

242.    YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress in connection with the infringing products.

243.    Defendants' use of YETI's trade dress, and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury

to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

244.    On information and belief, Defendants' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Defendants' continuing disregard for YETI's rights.

245.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

**Count XXIX:**
**Common Law Trademark Infringement**

246.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 245 as though fully set forth herein.

247.    Defendants' activities described above, including, for example, Defendants' use of YETI's trademarks, including Defendants' use of "YETI" and/or colorable imitations thereof and Eskimo's use of "RAMBLER," "YETI COLSTER," and "YETI RAMBLER COLSTER" and/or colorable imitations thereof, in direct competition with YETI, constitute common law trademark infringement, at least because Defendants' use of YETI's trademarks and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

248.    YETI's trademarks are entitled to protection under the common law. YETI has extensively and continuously promoted and used its trademarks in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trademarks have become well-

known indicators of the origin and quality of YETI's products. YETI's trademarks have also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trademarks acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trademarks in connection with the infringing products.

249. Defendants' use of YETI's trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, YETI's products, and YETI.

250. On information and belief, Defendants' use of YETI's trademarks and/or colorable imitations thereof has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's trademarks to sell the infringing products and by Defendants' continuing disregard for YETI's rights.

251. YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

## Count XXX:
## Common Law Unfair Competition

252. YETI realleges and incorporates the allegations set forth in paragraphs 1 through 251 as though fully set forth herein.

253. Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of Defendants' goods, by Defendants' simulating YETI's trade dress, and by Defendants' using YETI's trademarks in an intentional and calculated manner that is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of

the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI. Defendants have also interfered with YETI's business.

254.   YETI's trade dress and trademarks are entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress and trademarks for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress and trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's trade dress and trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and trademarks acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress and/or trademarks in connection with the infringing products.

255.   Defendants' use of YETI's trade dress, YETI's trademarks, and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's trademarks, YETI's products, and YETI.

256.   On information and belief, Defendants' use of YETI's trade dress, YETI's trademarks, and/or colorable imitations thereof, has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, by Defendants' unlawful use of YETI's trademarks to sell the infringing products, and by Defendants' continuing disregard for YETI's rights.

257.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

**Count XXXI:**
**Common Law Misappropriation**

258.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 257 as though fully set forth herein.

259.    Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law misappropriation.

260.    YETI created the products covered by YETI's trade dress and trademarks through extensive time, labor, effort, skill, and money.  Defendants have wrongfully used YETI's trade dress, YETI's trademarks, and/or colorable imitations thereof, in competition with YETI and gained a special advantage because Defendants were not burdened with the expenses incurred by YETI.  Defendants have commercially damaged YETI, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of the infringing products, by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

261.    YETI's trade dress and trademarks are entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used YETI's trade dress and trademarks for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress and trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's trade dress and trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and trademarks acquired this

secondary meaning before Defendants commenced their unlawful use of YETI's trade dress and/or trademarks in connection with the infringing products.

262.    Defendants' use of YETI's trade dress, YETI's trademarks, and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's trademarks, YETI's products, and YETI.  Moreover, as a result of their misappropriation, Defendants have profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's trade dress, YETI's trademarks, YETI's products, and YETI.

263.    Defendants' misappropriation of YETI's trade dress, YETI's trademarks, and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, by Defendants' unlawful use of YETI's trademarks to sell the infringing products, and by Defendants' continuing disregard for YETI's rights.

264.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

## Count XXXII:
## Unjust Enrichment

265.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 264 as though fully set forth herein.

266.    Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute unjust enrichment, at least

because Defendants have wrongfully obtained benefits at YETI's expense.  Defendants have also, *inter alia*, operated with an undue advantage.

267.    YETI created the products covered by YETI's trade dress and trademarks through extensive time, labor, effort, skill, and money.  Defendants have wrongfully used and are wrongfully using YETI's trade dress, YETI's trademarks, and/or colorable imitations thereof, in competition with YETI, and have gained and are gaining a wrongful benefit by undue advantage through such use.  Defendants have not been burdened with the expenses incurred by YETI, yet Defendants are obtaining the resulting benefits for their own business and products.

268.    YETI's trade dress and trademarks are entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress and trademarks for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress and trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's trade dress and trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and trademarks acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress, YETI's trademarks, and/or colorable imitations thereof in connection with the infringing products.

269.    Defendants' use of YETI's trade dress, YETI's trademarks, and/or colorable imitations thereof, has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's trademarks, YETI's products, and YETI.  YETI accumulated

this goodwill and reputation through extensive time, labor, effort, skill, and investment. Defendants have wrongfully obtained and are wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

270.    Defendants' unjust enrichment at YETI's expense has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, by Defendants' unlawful use of YETI's trademarks to sell the infringing products, and by Defendants' continuing disregard for YETI's rights.

271.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits.

### Demand for Jury Trial

YETI hereby demands a jury trial on all issues so triable.

### Relief Sought

WHEREFORE, Plaintiff respectfully prays for:

1.    Judgment that Defendants have (i) diluted YETI's trade dress in violation of Tex. Bus. & Com. Code § 16.103; (ii) diluted YETI's trademarks in violation of Tex. Bus. & Com. Code § 16.103; (iii) infringed YETI's registered trademarks in violation of § 1114(1) of Title 15 in the United States Code; (iv) infringed YETI's trade dress in violation of § 1125(a) of Title 15 in the United States Code; (v) infringed YETI's trademarks in violation of § 1125(a) of Title 15 in the United States Code; (vi) diluted YETI's trade dress in violation of § 1125(c) of Title 15 in the United States Code; (vii) diluted YETI's trademarks in violation of § 1125(c) of Title 15 in the United States Code; (viii) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (ix) infringed the '397 patent in violation of § 271 of Title 35 in the United States Code; (x) infringed the '285 patent in violation

of § 271 of Title 35 in the United States Code; (xi) infringed the '891 patent in violation of § 271 of Title 35 in the United States Code; (xii) infringed the '892 patent in violation of § 271 of Title 35 in the United States Code; (xiii) infringed the '530 patent in violation of § 271 of Title 35 in the United States Code; (xiv) infringed the '531 patent in violation of § 271 of Title 35 in the United States Code; (xv) infringed the '532 patent in violation of § 271 of Title 35 in the United States Code; (xvi) infringed the '533 patent in violation of § 271 of Title 35 in the United States Code; (xvii) infringed the '837 patent in violation of § 271 of Title 35 in the United States Code; (xiii) infringed the '367 patent in violation of § 271 of Title 35 in the United States Code; (xix) infringed the '368 patent in violation of § 271 of Title 35 in the United States Code; (xx) infringed the '363 patent in violation of § 271 of Title 35 in the United States Code; (xxi) infringed the '662 patent in violation of § 271 of Title 35 in the United States Code; (xxii) infringed the '881 patent in violation of § 271 of Title 35 in the United States Code; (xxiii) infringed the '586 patent in violation of § 271 of Title 35 in the United States Code; (xxiv) infringed the '577 patent in violation of § 271 of Title 35 in the United States Code; (xxv) infringed the '145 patent in violation of § 271 of Title 35 in the United States Code; (xxvi) infringed the '146 patent in violation of § 271 of Title 35 in the United States Code; (xxvii) violated YETI's common law rights in YETI's trade dress; (xxviii) violated YETI's common law rights in YETI's trademarks; (xxix) engaged in common law unfair competition; (xxx) engaged in common law misappropriation; (xxxi) been unjustly enriched at YETI's expense, and that all of these wrongful activities by Defendants were willful;

2.      Judgment that Eskimo has engaged in Cyberpiracy in violation of 15 U.C.S. § 1125(d) of Title 15 in the United States Code, and that this wrongful activity by Eskimo was willful.

3.      An injunction against further infringement and dilution of YETI's trade dress and trademarks, further cybersquatting, further infringement of YETI's design patents, further acts of unfair competition, misappropriation, and unjust enrichment by Defendants, and each of their agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, importing, or advertising the infringing products, or any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress, trademarks, or YETI's design patents, pursuant to at least 15 U.S.C. § 1116, Tex. Bus. & Com. Code § 16.104, and 35 U.S.C. § 283;

3.      An Order to cancel and/or transfer the yetithermos.com domain name to YETI;

4.      An Order directing Defendants to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

5.      An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress in Defendants' possession or control, (iii) all plates, molds, and other means of making the infringing products in Defendants' possession, custody, or control, and (iv) all advertising materials related to the infringing products in Defendants' possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

6.      An Order directing Defendants to publish a public notice providing proper attribution of YETI's trade dress and trademarks to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing products are recalled;

7.      An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or

colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

8.      An award of damages adequate to compensate YETI for the patent infringements that have occurred pursuant to 35 U.S.C. § 284, and/or an award of Defendants' profits from their patent infringements pursuant to 35 U.S.C. § 289, together with prejudgment interest and costs and reasonable attorney fees, pursuant to 35 U.S.C. §§ 284 and 285;

9.      An award of Defendants' profits, YETI's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 1125(c), 1125(d), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104; and

10.     Such other and further relief as this Court deems just and proper.

Dated:  May 5, 2017                     Respectfully submitted,


                                        By: /s/ Victoria R. M. Webb

                                        Joseph J. Berghammer (admitted in the Western
                                        District of Texas)
                                        Illinois Bar No. 6273690
                                        jberghammer@bannerwitcoff.com
                                        Victoria R. M. Webb (admitted in the Western
                                        District of Texas)
                                        Illinois Bar No. 6307279
                                        vwebb@bannerwitcoff.com
                                        Kimberly S. Devine (pro hac vice forthcoming)
                                        Illinois Bar No. 6323813
                                        kdevine@bannerwitcoff.com
                                        Banner & Witcoff, Ltd.
                                        Ten South Wacker Drive
                                        Suite 3000
                                        Chicago, IL 60606-7407
                                        Telephone: (312) 463-5000

Facsimile: (312) 463-5001

**ATTORNEYS FOR YETI COOLERS, LLC**