UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| YETI Coolers, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Seth Stevens d/b/a SDS Marketing d/b/a Eskimo Coolers,<br><br>Panther Group LLC d/b/a Eskimo Coolers, and<br><br>Panther Group Sales, LLC d/b/a Eskimo Coolers,<br><br>    Defendants. | Civil Action No. 1: 17-cv-00423-RP<br><br>Judge Robert L. Pitman |

## CONSENT JUDGMENT

Plaintiff, YETI Coolers, LLC ("YETI"), filed civil action number 1:17-cv-00423-RP in the Western District of Texas, against, *inter alia*, defendants, Seth Stevens d/b/a SDS Marketing Group d/b/a Eskimo Coolers ("Mr. Stevens") and Panther Group Sales, LLC d/b/a Eskimo Coolers ("Eskimo"), asserting claims for (1) trade dress dilution in violation of the Texas Business & Commerce Code § 16.103; (2) trademark dilution in violation of the Texas Business & Commerce Code § 16.103; (3) trademark infringement in violation of 15 U.S.C. § 1141(1); (4) trade dress infringement in violation of 15 U.S.C. § 1125(a); (5) trademark infringement in violation of 15 U.S.C. § 1125(a); (6) trade dress dilution in violation of 15 U.S.C. § 1125(c); (7) trademark dilution in violation of 15 U.S.C. § 1125(c); (8) unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a); (9) cyberpiracy in violation of 15 U.S.C. § 1125(d); (10) patent infringement in violation of 35 U.S.C. § 271; (11) common law

trade dress infringement; (12) common law trademark infringement; (13) common law unfair competition; (14) common law misappropriation; and (15) unjust enrichment. YETI duly served its Complaint on May 10, 2017. Eskimo and Mr. Stevens now stipulate and consent to the Court's entry of this Consent Judgment.

NOW THEREFORE, upon consent of YETI, Eskimo, and Mr. Stevens IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

2. This Court has specific personal jurisdiction over Eskimo and Mr. Stevens in this matter and venue is proper in this judicial district at least because, inter alia, Eskimo and Mr. Stevens have agreed to such.

3. Eskimo and Mr. Stevens sold 10 oz., 20 oz., and 30 oz. tumblers, beverage holders, and 18 oz., 36 oz., and 64 oz. bottles that YETI accused of violating YETI's intellectual property rights (collectively the "Accused Products").

4. YETI owns all right, title, and interest in and to the trade dress of the YETI Rambler® 18 oz., 36 oz., and 64 oz. bottles, the YETI Rambler Colster®, the YETI Rambler® 10 oz. Lowball, and the YETI 20 oz. and 30 oz. Rambler® tumblers, including the overall look and appearance of the YETI Rambler® 18 oz., 36 oz., and 64 oz. bottles, the YETI Rambler Colster®, the YETI Rambler® 10 oz. Lowball, and the YETI 20 oz. and 30 oz. Rambler® tumblers and all common law trademark and trade dress rights in the YETI Rambler® 18 oz., 36 oz., and 64 oz. bottles, the YETI Rambler Colster®, the YETI Rambler® 10 oz. Lowball, and the YETI 20 oz. and 30 oz. Rambler® tumblers. The YETI Rambler® 18 oz., 36 oz., and 64 oz. bottles, the YETI

Rambler Colster®, the YETI Rambler® 10 oz. Lowball, and the YETI 20 oz. and 30 oz. Rambler® tumblers trade dress hereafter referred to as the "YETI Trade Dress."

5. Eskimo and Mr. Stevens agree that the YETI Trade Dress is unique, distinctive, non-functional, well known, famous, and has acquired distinctiveness and is associated by consumers with YETI, and that the goodwill associated with the YETI Trade Dress belongs exclusively to YETI.

6. Eskimo and Mr. Stevens agree that the YETI Trade Dress is valid and enforceable.

7. Eskimo and Mr. Stevens agree that the YETI Trade Dress is not essential to the use or purpose of a bottle, beverage holder or tumbler, does not affect the cost or quality of a bottle, beverage holder or tumbler, is not functional, is not the reason the YETI bottles, beverage holders and tumblers work, and, outside of the association with YETI's reputation and goodwill, are not important to the commercial success of bottles, beverage holders and tumblers, generally.

8. Eskimo and Mr. Stevens agree that many competitors compete with YETI and Eskimo and that these competitors sell bottles, beverage holders and/or tumblers having alternative designs that do not include elements of the YETI Trade Dress and have a different overall appearance compared to the YETI Trade Dress.

9. Eskimo and Mr. Stevens agree that exclusive use of the YETI Trade Dress by YETI will not put competitors at a significant non-reputation-related disadvantage in the marketplace.

10. Eskimo and Mr. Stevens agree that each of the Accused Products is confusingly similar to the YETI Trade Dress.

11. YETI owns all right, title, and interest in and to United States Design Patent Nos. D752,397; D779,285; D779,891; D779,892; D780,530; D780,531; D780,532; and D780,533, all related to a beverage holder, and U.S. Design Patent Nos. D760,586, D774,363, D774,837, D780,577, D781,145, D781,146, D781,662, D782,881, D783,367, and D783,368, all related to a bottle and/or lid (collectively the "YETI Design Patents").

12. Eskimo and Mr. Stevens agree that the designs claimed in the YETI Design Patents are non-functional.

13. Eskimo and Mr. Stevens agree that the YETI Design Patents are valid and enforceable.

14. YETI owns common law and registered trademark rights in "YETI," "ROADIE," "TUNDRA," "HOPPER," "COLSTER," "FLIP," "BUILT FOR THE WILD," "LOAD-AND-LOCK," "TANK," and "RAMBLER," and including but not limited to U.S. Trademark Registration Nos. 3,203,869, 4,083,930, 4,083,932, 4,818,317, 4,833,419, 4,871,725, 4,883,074, 4,948,370, 4,948,371, 4,998,897, 5,022,559, 5,171,380, 5,232,872, and 5,233,441 (collectively the "YETI Trademarks").

15. Eskimo and Mr. Stevens agree that the YETI Trademarks are valid and enforceable.

16. Eskimo and Mr. Stevens agree that at least the YETI Trademark YETI is unique, distinctive, famous, and well-known by consumers, and is associated by consumers with YETI.

17. Eskimo and Mr. Stevens agree that a former Eskimo employee acting without instruction or authorization from Eskimo officers or owners registered and used the domain name yetithermos.com, which (a) includes YETI's "YETI" trademark, (b) is confusingly similar

4

to YETI's "YETI" trademark, and (c) is dilutive of YETI's "YETI" trademark, and (d) that such was done after YETI's "YETI" trademark became well-known and acquired secondary meaning.

18. Out of respect for YETI's product designs and rights in the YETI Design Patents and YETI Trade Dress, Eskimo and Mr. Stevens have ceased selling the Accused Products.

19. Eskimo and Mr. Stevens shall have a period of time identified in the Settlement Agreement to destroy the Accused Products currently in inventory.

20. Eskimo and Mr. Stevens shall not at any time manufacture, have manufactured on their behalf, market, offer to sell, sell, use, import, purchase, promote or distribute – whether directly, indirectly, or through any company in which Mr. Stevens has any ownership interest or control over – (a) any of the Accused Products in any color, products with a similar overall look and feel, or products with the same model names or numbers (including the same Amazon Standard Identification Numbers, Stock Keeping Unit numbers, Universal Product Codes, or any other identifying numbers or names), (b) any product that includes trade dress that is confusingly similar to the YETI Trade Dress, (c) any product that is the same product type as any product that YETI sells, or has sold, and is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Eskimo with YETI, or as to the source, origin, sponsorship, or approval of the product by YETI, or (d) any product that infringes one or more claims of the YETI Design Patents.

21. Eskimo and Mr. Stevens (either individually or through any company in which he has any control, is actively involved, or has a 30% or greater ownership interest) shall not at any time use any of the YETI Trademarks or any marks that are confusingly similar to the YETI Trademarks.

22. Each party shall bear its own costs and attorney fees.

23. This Court shall retain jurisdiction over YETI, Eskimo, and Mr. Stevens for the purpose of enforcing the terms of this Consent Judgment.

24. This Consent Judgment represents a final adjudication of all claims, counterclaims, and defenses that were, or could have been, brought between YETI, Eskimo, and Mr. Stevens in this case. This Consent Judgment is intended to be final and shall bind YETI, Eskimo, and Mr. Stevens on all issues that were or could have been litigated in this proceeding and that no appeal shall be taken here from.

Dated: January 17, 2018

SO ORDERED:

_____
Robert L. Pitman
United States District Judge

Consented and Agreed to:

By: /s/ Victoria R. M. Webb
Joseph R. Knight
Texas Bar No. 11601275
jknight@ebbklaw.com
Ewell, Brown, Blanke & Knight LLP
111 Congress Avenue, Suite 2800
Austin, Texas 78701
Telephone: 512.770.4010
Facsimile: 877.851.6384

Joseph J. Berghammer (admitted in the Western District of Texas)
Illinois Bar No. 6273690
jberghammer@bannerwitcoff.com
Victoria R. M. Webb (admitted in the Western District of Texas)
Illinois Bar No. 6307279
vwebb@bannerwitcoff.com
Kimberly S. Devine (admitted pro hac vice)
Illinois Bar No. 6323813
kdevine@bannerwitcoff.com
BANNER & WITCOFF, LTD.
Ten South Wacker Drive
Suite 3000

By: _____
Aaron Davidson
Texas Bar No. 24007080
aaron.davidson@klemchuk.com
Mark Perantie
Texas Bar No. 24053647
mark.perantie@klemchuk.com
KLEMCHUK LLP
8150 N. Central Expressway
10th Floor
Dallas, Texas 75206
Telephone: (214) 367-6000
Facsimile: (214) 367-6001

James M. Hinshaw (admitted via pro hac vice)
Indiana Bar No. 16744-49
JHinshaw@bgdlegal.com
BINGHAM GREENEBAUM DOLL LLP
2700 Market Tower, 10 West Market St.
Indianapolis, IN 46204
Telephone: (317) 968-5385
Facsimile: (317) 236-9907

**ATTORNEYS FOR SETH STEVENS AND**

Chicago, IL 60606-7407
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR YETI COOLERS, LLC**

*[signature: Bryan Barksdale]*
**Signed for YETI Coolers, LLC**

Name: Bryan C. Barksdale
Title: General Counsel
Date: 12/13/2017

**PANTHER GROUP SALES, LLC**

_____
**Seth Stevens d/b/a SDS Marketing d/b/a Eskimo Coolers**

Date:_____


**Signed for Panther Group Sales, LLC d/b/a Eskimo Coolers**

Name:_____
Title:_____
Date:_____

Chicago, IL 60606-7407
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR YETI COOLERS, LLC**

Signed for YETI Coolers, LLC

Name: _____
Title: _____
Date: _____

**PANTHER GROUP SALES, LLC**

*/s/ Seth Stevens*

Seth Stevens d/b/a SDS Marketing d/b/a Eskimo Coolers

Date: 12/20/17

*/s/ Seth Stevens*

Signed for Panther Group Sales, LLC d/b/a Eskimo Coolers

Name: Seth Stevens
Title: Manager
Date: 12/20/17